We will now call the case of Wallace v. KMart et al. And as I understand it, Mr. Wolfe will be arguing? No, I'm arguing this one. Mr. Wolfe is arguing this one. Okay, that's... We have three on for today. I know you do. But Mr. Bradley informed us that Mr. Wolfe was going to argue this one. Sorry, I think it's... Don't... It's all right. No, don't... I think that's because we originally got the Canton thing. We understand. Okay. Ms. Rahn. But you have me again. Ms. Rahn, do you want any time for rebuttal? I would like five minutes. Five of your ten minutes. Oh, no, I guess three, please. Three minutes, okay. Thank you. I forgot I only have ten for this one. Ten minutes on this one. And actually, this case should have been styled Vitalis II because this is really... We understand that. This was really issues that were raised in the Vitalis case and while the court asked for a briefing on the issue of jurisdictions... Let's get down to the basic question here. Why isn't contempt the sanction? It was a contempt under Rule 45. And it's clear that the magistrate does not have the authority to find contempt under Rule 45. There's no dispute to that. And it did. And it was invited to do so by the son. And then when we appealed that to the district court, that this was not the proper procedure, that the district court then affirmed without any opinion other than affirming. This was not where a party was ordered to do discovery and an attorney joined in and then got sanctioned under Rule 37. There was no question that this was an independent subpoena to me as a lawyer to produce certain overly broad documents. There was then sent to the magistrate. The magistrate, in violation of the law, found contempt. We raised that issue that that was not something that the magistrate could do. The judge failed to even address that issue. What should have happened was that the magistrate should have made certain determinations as to whether or not there were sufficient prima facie grounds to consider contempt and to make findings of fact in that regard and then send it to the district judge for a do-no-vo hearing. There never was a do-no-vo hearing by the district judge. The magistrate made no findings of fact of any documents I didn't produce, any particular information I didn't produce. There was indeed a protective order that had been granted by the district judge. Didn't the district judge say he denied the protective order? There were two motions for protective order, and the district judge issued an order that said only documents related to the issues raised by the recusal motion need to be produced. The subpoena asked me for any time anybody had ever written me a letter claiming that I had done something improper. Before we get into all this, I'm worried about jurisdiction. I was going to start with jurisdiction. Okay. I mean, here we have six consolidated cases. They're consolidated for one purpose only. That is for consideration of the refusal motion. Isn't an order involving those six cases only final when the refusal itself has been decided? He has denied the refusal. I know, but this appeal was filed before he denied the refusal. Well, but under the doctrines of ripening, and I believe that the Kate May Green Rule and then also Appellate Rule 4A2, this case has indeed ripened. But I don't think that he needed to deny the refusal motion in the first place. Well, we don't have that appeal before, right? The refusal motion— No, that would be a mandamus issue that is being filed, but has to be filed in individual cases. The consolidation was never consolidated for all purposes. No, it was consolidated to consider the refusal motion. Right. And the motion, the order to compel was over a motion involved in the refusal motion. A subpoena submitted to me by Sun. Right. Concerning the refusal. Concerning items, yes. Well, concerning a lot of items that were not relevant to the refusal. Isn't the proceedings on that motion, including any sanctions, part of the refusal motion and the consolidation for that? And don't we have to wait until the refusal motion itself has been decided for those interim orders to become—to ripen into something that's appealable? Well, first of all, there was no consolidation. There was no consolidated number. It wasn't consolidated for all purposes. Second of all— It was consolidated for the purposes of the— Of discovery. Of the— No, it was consolidated for the purposes of discovery. That's what we did, and then he made one ruling in all the cases. Yeah, he made one ruling on all the cases on refusal. That's correct. But— Now, isn't that then when it finally became—the matter finally became final so that the sanction motion could be considered? I disagree, Your Honor, because the petition—the subpoena was in the Vitalis case. The other—as you can see, all the other people who were involved in the consolidated have no interest in this issue. They've all been asked to be removed because this is not their issue. It was not their subpoena. So they've—as this Court knows, has allowed them not to appear here because it's not an issue that is attributable to them. The—there is a final judgment in Vitalis, as we know, because we just argued the appeal. And so we believe that it was final under that grounds. Even if it was not final under that grounds, there has now been a decision on the recusal motion. The district court denied that motion. We originally filed a multiple case writ of mandamus, then realized that there were objections, that they were not— they had to be filed individually because there were individual cases. Well, the first motion was 70 pages long. Yeah. But also, when we went back and looked at the arguments, we were very well aware that we were making a mistake by filing them all together because they were individual cases, and under the appellate rules, they had to be brought individually, and we had done that. Granted, we did it with 70 pages, and we were chastised, and we've now done 29 pages I think we're in now. But they are individual cases, so that the writ of mandamus will have to be decided in each of those cases. So we do believe that the court has jurisdiction. Let's get back to—you said this was a Rule 45 sanction. It was. But the power of the magistrate judge to issue a sanction comes under 28 U.S.C. 636. Yes. Does it not? It does. Okay. And that goes back to my original question of why civil contempt isn't a sanction. Your Honor, there is a requirement under due process that an attorney be notified of the basis for which they're being considered for sanctions and an opportunity to respond. I was told it was a Rule 45 motion for sanction. The motion itself was a Rule 45 motion for sanction, and the judge found me in contempt under Rule 45. You can't change it after it's happened. But what's your argument? My argument is he can only do a sanction under Rule 45 if the parties under that statute, if the parties consent to his hearing that issue. The plaintiff never consented to that. So his sole ability to sanction would have been under Rule 37. He never told me. But 636, when you're arguing the district court's authority, 636E4 says, This paragraph shall not be construed to limit the authority of a magistrate judge to order sanctions under any statute, the Federal Rules of Civil Procedure, or the Federal Rules of Criminal Procedure. Why doesn't that give the magistrate judge here and any magistrate judge the right to impose civil contempt in a case that's properly before him? Because the statute also provides that a magistrate may not find contempt under Rule 45, and he did. That's the rule that he used. The motion was for finding me in contempt under Rule 45. The order was finding me in contempt under Rule 45. That was the issue. But isn't your point that we never get to that because the proper procedure should have been that you received a full hearing before the district court? So we're never going to get to the merits of the colloquy you just had with Judge Fischer from your perspective, right? Correct. Because there should have been a referral to the district judge and there should have been a hearing to know that because that's what the rule required, and that is not what happened in this case. And you can't change. After you've made the mistake, you can't say, Well, I said it was Rule 45, but it was also kind of other sanctions, too. The only thing that he was asked to sanction me under was Rule 45. The only notice that I had that I was exceeding is Rule 45. I'm entitled to notice as to what the claim of sanctions are. And then finally, there was never even any decision as to what I didn't produce. None whatsoever. There was no finding that I had. While the defendant says I didn't produce any documents, we had produced hundreds of documents already in Rule 26 that complied with his opinion as to the issues that were relevant. And we referred to those documents. We produced emails. We produced everything that previously had been requested under previous requests. The documents that we didn't produce were any letter that was ever written about you that somebody claimed that you had done something that they didn't agree, anything for the last 20 years where a judge may have admonished you, things that would be impossible to go and find. But everything else we had already produced. There's not one scintilla of a statement as to what I didn't produce that I should have produced. And I never got a hearing to be able to identify what it was. All right. We'll have you back in a minute. We'll hear from Mr. Caddy. Good morning again. Once again, David Caddy on behalf of the Appellee Assigned Constructors, Richard Langer and Excel. As to the first issue, the jurisdictional issue, I don't think that this case is right, even in light of the fact that there's been a ruling on the refusal motion. As a timeline, there was a verdict in Vitalis in February of 2010. Attorney Rowan didn't file the refusal motion until several months later in June of 2010. While, obviously, the verdict in Vitalis was right, and we just argued that case, there are still several matters pending in the Vitalis case. This is actually going to be a hearing next week with Judge Savage on some post-trial matters. I think until all those matters have been resolved, the issue of the contempt would not be right, because otherwise you're going to have – you already have piecemeal litigation. I quite frankly can't tell you how many Vitalis cases are before the Third Circuit. I believe it's five or six at one point. If we were to hear the Vitalis contempt hearing, now we're going to have another appeal about attorney's fees and all the other things that are still pending. You're going to invite piecemeal litigation. Well, piecemeal litigation isn't the concern expressed when you look at Catholic conferences and MAKO and – one second. And if you're Irish or French. The Supreme Court opinion by Justice Thomas, but I can't remember the name. If you're responding to the congruence of interest, is that what you're getting at? Attorney Rohn is – although she was issued a Rule 45 subpoena, she's not a non-party for purposes of this case. And I think many cases I've cited to say that an attorney is not like a lay person on the street who gets a Rule 45 subpoena who would be able to appeal that immediately. An attorney is litigating the case as an interest party. As Attorney Rohn notes in the heading that she's the real party in interest here. And I think Justice Kennedy explained that the congruence of interests are aligned. Obviously, Attorney Rohn's interests should be aligned with those of her clients. But if the court has called it a Rule 45 subpoena, doesn't that put it in that category? I think it can – yes. I mean, it was a Rule 45 sanction. I don't take issue with that. But the fact that it's a Rule 45 subpoena I think doesn't mean that Attorney Rohn doesn't have a congruence of interest with her clients. It's still related to the underlying litigation. Well, Cunningham comes after Justice Kennedy's opinion. And I suppose your first argument, well, it's fictive. But, I mean, it does set out the dichotomy between party and non-party and obviously seems to carve out contempt. And if I'm not mistaken, but that was contempt for a person who wasn't interested in the litigation, if I'm not mistaken. If it was an attorney, then I'd be mistaken. But my argument for the court is that because of the – This is what it's about. When petitioner and attorney representing a plaintiff fail to comply with certain discovery orders, the magistrate judge granted the respondent's motion for sanctions against petitioner under Federal Rule of Civil Procedure 37A4. So the entire discussion by Justice Thomas was 37A4 on the one hand and contempt on the other. So it was an attorney. So my question to you is obviously Cunningham has tweaked Justice Kennedy's thinking. You could argue it's fictive, but clearly it's going to be instructive to us. How do we navigate that? And if you believe that you're correct, how do you get around Cunningham? That's a difficult question and I think I'd just be spinning my wheels if I tried to get around that at this point. So I hate to say I don't have a response, but quite frankly, I can't give you one right now. I don't want to mislead the court. No, fair enough. I can't make anything up. As to Judge Fischer, as to your contention, though, that Rule 45 contempt finding, it's expressly carved out in 636E4 and it expressly says nothing in this paragraph shall be deemed to, I guess, preclude a magistrate judge from issuing a sanction. Sanctions under Rule – contempt under Rule 45 is a sanction, and I believe that 636 expressly gives that power to the magistrate judge that he exercised in this case. Well, let me put to you the same thing I put to Ms. Sloan, and that is do we, as a panel, get to the substance of the magistrate judge's ruling here? Is essentially the substance of what our determination is, is if we have jurisdiction, isn't then the question whether the appropriate procedure was for the district court to have a hearing? I believe that's the correct question. If the court currently has jurisdiction, the next question becomes whether or not the magistrate could exercise the power that he did without simply referring it to the district court for determination. If I'm responding to your question correctly. I'm sorry. The hearing, if we had jurisdiction and we remanded the hearing on that question with regard to the magistrate judge would be held by the district court, right? Yes, I believe it would. I think the correct procedure would be to remand it to the magistrate judge for him to refer the case to the district court judge if he didn't have the power to find contempt under 636 by himself. I thought the hearing, it did go from the magistrate judge to the district judge. The whole issue is whether the district judge did the assuming jurisdiction just for the moment. The question is whether the district judge engaged in the appropriate procedure. It's slightly different than that. I think what Attorney Rona and I want to speak for is arguing that the magistrate's sole power was to refer the case to the district court. Here the magistrate judge found contempt himself. I believe what Attorney Rona is arguing is that he shouldn't have been able to find contempt at all. He simply should have certified a contempt say. I think there's contempt there. Or he shouldn't have done a report and recommendation. I don't think and if 636E4 doesn't apply in this case, then I would say that you're correct. But if a magistrate judge has the authority to find contempt under 636E4, I don't think you have to do the referral to the district court. That's an independent power that 636E4 gives to the magistrate judge. He alone, he unilaterally can find contempt and particularly contempt in the case here that was committed essentially before him when Attorney Rona was deposed. If 636E4 applies, the magistrate judge doesn't need to go for the report to the district court. He can find it and then you go through the normal appeal process of a magistrate's ruling. But if 636E4 doesn't apply in this case, I would agree that the case would have had to have been a report and recommendation to the district court judge in the case. As to the argument that there was no contempt here, Attorney Rona says, well, they never pointed out which documents I didn't produce. Well, that's the purpose of a subpoena. I don't know what you have. I can't sit here and tell you what Attorney Rona didn't produce. What I can tell you, when we inquired with Attorney Rona for what she did to comply with the subpoena, she said simply, I think I asked my office manager if she recalled seeing any documents or something to that effect. She made no effort to comply with the areas of the subpoena whatsoever. Simply saying that I think I asked an office manager if they had done it is simply inadequate. I mean, if Attorney Rona issued a subpoena on one of my clients and the manager came in and said, well, I think I asked somebody to look for those documents, Attorney Rona would be incredulous and she'd be right in doing so. You have to make an effort to comply. Attorney Rona didn't do that in this case. And what she describes as a protective order is, as Judge Roth pointed out, the complete opposite. The judge said, here are the things you're going to do to respond to these requests. Attorney Rona didn't do any of them. If she had a problem with a document, she should have gone to the court. If a document was privileged, she was supposed to go to the court. What she called the protective order, the denial of the protective order says, if you have a problem, give the documents to me in camera. I'll be the one to determine if they're responsive and if they're relevant. Attorney Rona blessed herself with the authority to say, I am going to determine what's relevant and what's not relevant. And because I've determined all your inquiries irrelevant, I'm not going to do anything. And that's exactly what happened, and that is contempt. It was a – the elements of contempt, Attorney Rona knew there was an order. It was properly served upon her. She didn't – when she filed objections to it, those were not granted. So she can simply not stand here and say, I determined they were irrelevant, and I didn't need to make any effort and say, well, I'm not in contempt. That's simply not the case, Your Honor. As to Attorney Rona's argument that if the court finds that the magistrate's finding of contempt was beyond his authority, I think she argues that the court should just render the case. I think that's inappropriate. The case is cited in my brief saying if the court is incorrect in finding contempt or exceeded his power and authority in finding contempt, refer it back, and then the court can determine whether or not it's going to do the court a recommendation and send that up to the district court for a determination of contempt. Okay. Thank you, Mr. Chairman. Ms. Rahn? To answer Judge Ross' question, under the certification procedure and the case law, the magistrate simply functions to certify the facts and may not issue any contempt order. He is simply to investigate whether further contempt proceedings are warranted but may not issue a contempt order. And his role is simply to certify what facts he thinks may present a problem facing case. And then the district court is required to hold a hearing de novo. No such certification of facts was made by the magistrate. And I'd also like to address the issue of 636E4. That section applies exclusively by its term to civil contempt and misdemeanor cases in which the cases have been referred by agreement of the parties to the magistrate judge to conduct the entire trial under 28 U.S.C. 636C1. And that was not the case here. This case had not been turned over to the magistrate. So that section that's being used to give the magistrate power did not give the magistrate power. You're arguing that the appropriate statutory construction of that section would be limited to those two categories, correct? Correct. But isn't that rather congruous? Would there be any reason for the Congress to have added that language if it intended to apply it only to those two sections? Well, there would be no reason to have a specific section about what is to be done if there's an issue of contempt and setting out a whole procedure of what the magistrate is supposed to do in that circumstances if it was included in E4. It's clear that they have singled out as contempt. Unless the contempt was conducted in front of the magistrate or by consent of the parties, he has no authority to issue a contempt citation. And we cited this Court to the Third Circuit's own decision in Taberra in which it held that the magistrate judge is powerless to enter a contempt finding for contempt committed outside the magistrate's judge's presence in a non-consent case. Wasn't that case limited to 636E6? It did refer to 636E6, but it specifically stated that a magistrate could not find contempt in a non-consent case unless the contempt had occurred in his presence. And that is in 954S2906 through 909. So it is clear that the legislature would not have curved out a whole procedure for Rule 45 contempt findings if it was already included in the E4. Thank you, Your Honor. Anything else? That's all. Thank you. Thank both counsel for their arguments, and we'll take this matter also under advisement. May what? That's up to you. Thank you. That's a nice informal down there. You mean you don't want to hear your colleague Mr. Wolf argue? I understand. You're excused. He'll make a report to you.